# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____ :
                                      :
DARIUS WRIGHT                         :
                    Plaintiff         :
                                      :
        v.                            :          Civil Action No. 04-2750 (FLW)
                                      :
CAMDEN CITY POLICE                    :
DEPARTMENT, ET AL.                    :
                    Defendants        :          **OPINION**
_____ :


        This matter comes before the Court on Defendants', City of Camden, Camden City

Municipal Court, Camden City Police Department Officers B. Rivera (#1277), J. McCray (#1230),

L. Tisby (#1260), and Det. M.S. Gibson (#294), and Camden Municipal Court Conflicts

Prosecutor, Krisden McCrink, Esq. ("City Defendants"), Motion to Dismiss for Failure to State a

Claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Pro se* Plaintiff, Darius Wright ("Wright"), filed a

complaint against City Defendants, the County of Camden and Camden County Prosecutor's Office

("County Defendants")[1] for civil rights violations arising from his traffic stop, arrest, trial and

conviction.  Plaintiff filed a letter brief in opposition to City Defendants' Motion, and, more

recently, a letter brief asking this Court to intervene in his State Court trial and appeal.

---

[1] Plaintiff's Complaint against the County Defendants was dismissed for failure to state a
claim on May 28, 2005.

I.  BACKGROUND

   This Court previously issued a decision granting County Defendant's Motion to Dismiss and the Opinion's statement of facts is incorporated herein.  In addition, the following facts are not disputed by the parties.  On March 2, 2004, Plaintiff was stopped by Defendant Officer Rivera ("Rivera") for improper passing.  During the stop, Plaintiff was asked to stay in his car pending the results of a background check.  After about 20 minutes, Plaintiff got out of his car and began walking towards the officers.  Plaintiff was advised to return to his vehicle several times.  Thereafter, the officers were notified that Plaintiff had outstanding warrants for his arrest from Georgia.  Subsequently, the officers attempted to take Plaintiff into custody and, according to Defendants, Plaintiff tried to prevent his arrest with physical force.  The officers eventually got control over Plaintiff and arrested him.  Plaintiff was charged with resisting arrest and being a fugitive; he was also given a traffic summons for improper passing and failure to wear a seatbelt, and a municipal summons for offensive language and improper behavior.

   Plaintiff's initial Complaint was filed on June 15, 2004.  He alleged that his traffic stop was unlawful because it was motivated by racial profiling.  (Complaint "Compl." at ¶ 4).  Following the stop, Plaintiff alleges that Rivera falsified documents and falsely charged him with resisting arrest in an attempt to prevent plaintiff from making bail or to increase the amount of bail.  (Id. at ¶ 2.).  Plaintiff also alleges a conspiracy between the Defendants and Camden Municipal Court Conflicts Prosecutor Krisden McCrink ("McCrink") to concoct an explanation regarding the incident.  (Id. at ¶ 1; Pl.'s Let. July 19, 2005).  Finally, Plaintiff alleges that the Municipal Court of Camden negligently handled paperwork and scheduling regarding his lawsuit.  (Pl's Let. July 5, 2005 at ¶ 19).  All of the described actions allegedly were taken in violation of Plaintiff's civil rights, or in an

attempt to violate his civil rights.  (Compl. at ¶¶ 1-4).

On June 23, Plaintiff amended his Complaint to add an allegation that Officer McCray assaulted and falsely imprisoned Plaintiff, deprived Plaintiff of his constitutional right to free speech, and improperly restrained Plaintiff without a warrant.  (Pl.'s Let. June 23, 2004).  Plaintiff amended his Complaint for the third time on June 28, 2004, to add the Camden detective with badge #294.  (Pl.'s Let. June 28, 2004).  Plaintiff's Fourth amendment to his Complaint, filed on July 28, 2004, identified the detective with badge #294 as  Detective M.S. Gibson.  Plaintiff also requested that his demand for relief be increased to $750,000 in light of his claims against several new defendants.  (Pl.'s Let. July 28, 2004).

On May 11, 2005, Plaintiff was found guilty of resisting arrest in Superior Court, Camden County.  On May 28, 2005, this Court Granted the County Defendants' Motion to Dismiss for failure to State a Claim.  On July 1, 2005 City Defendants filed a Motion to Dismiss for Failure to State a Claim.   Plaintiff responded by letter brief on July 5, 2005. ("Pl's Let. July 5, 2005").  Plaintiff amended his Complaint again on July 19, 2005 to add McCrink as a defendant.  (Pl.'s Let. July 19, 2005).  On September 21, 2005, Plaintiff filed an additional motion entitled "Motion to Stay Pending Appeal" which asks the Court to intervene in the New Jersey State Court proceedings against him. ("Pl's Let. Sept. 21, 2005").

II. DISCUSSION

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), a court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6). . . is limited to those

instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir.1988)); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). A court will dismiss a complaint only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  H.J. Inc., 492 U.S. at 249-50.

Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  The Federal Rules of Civil Procedure generally do not require detailed pleading of the facts on which a claim is based.  Instead, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed R. Civ. P. 8(a)(2) (West 2005); see also Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004).  In addition, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and the allegations are to be "liberally construed."  Becker v. C.I.R., 751 F.2d 146, 149 (3d Cir. 1984) (citation omitted).  Thus, the Court will "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)).

Although Plaintiff does not cite any statutes, the Court believes Plaintiff is attempting to bring claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.  Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

4

District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution.  Section 1983 does not create substantive rights, but "merely provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws."  Estate of Smith v. Marasco, 318 F.3d 497, 505 (3d Cir. 2003) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)).

The City Defendants move to dismiss Plaintiff's Complaint because neither the original Complaint, nor any of Plaintiff's amendments, state sufficient facts to support a §1983 claim for violations of Plaintiff's civil rights.  To the extent that Plaintiff is attempting to allege that the City of Camden is liable for the actions of its officers because the City employs them, he fails to state a claim, as governmental entities cannot be held liable under § 1983 based on a theory of *respondeat superior*.  Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978)).

Rather, it is only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694. A municipal "policy" is a decision of a "duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality"; a "custom" is an act that has not been formally approved by a decision-maker but "may subject the municipality to liability because the relevant practice is so widespread as to have the force of law."  Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citations omitted).

Not only does Plaintiff make no attempt to allege a policy or custom, Plaintiff's allegations are based on a single incident, which is generally insufficient to demonstrate municipal liability

5

even if the actions taken were unconstitutional.  Oklahoma City v. Tuttle, 471 U.S. 808, 823-24
(1985) (plurality) ("Proof of a single incident of unconstitutional activity is not sufficient to impose
liability under Monell, unless proof of the incident includes proof that it was caused by an existing,
unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.");
Hansell v. City of Atlantic City, 152 F.Supp.2d 589, 610 (D.N.J. 2001) ("[A] policy cannot
ordinarily be inferred from a single instance of illegality").  The Court therefore finds that Plaintiff
has not stated a claim against the City of Camden.

Moreover, the Court understands the remainder of Plaintiff's claims against the Camden
City Police Officers and McCrink[2] to seek damages for Plaintiff's allegedly unlawful arrest and
conviction.  It is well established that a plaintiff cannot attack the validity of a conviction in a
§1983 civil action.  In Heck v. Humphrey, the U.S. Supreme Court held that a §1983 claim is not
cognizable if it would render a conviction or sentence invalid.  512 U.S. 477 (1994).  The Court
held that in order to bring a §1983 civil claim for damages, a  "plaintiff must prove that the
conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such a determination, or called into question by a
federal court's issuance of a writ of habeas corpus." Id. at 486-87 (1994).   Furthermore, the Heck
Court held that if a §1983 complaint would  "necessarily imply the invalidity of his conviction or
sentence...the complaint must be dismissed." Id.  On the other hand, if a court determines that a
plaintiff's §1983 action would not invalidate a criminal judgment against that plaintiff, then the

---

[2]On July 19, 2005, Plaintiff amended his complaint to add a claim against McCrink.  Plaintiff's allegation
against McCrink is that she is "part of the total conspiracy. . . because she had some previous conversation with
someone involved in this case, and obviously had a predisposition to dislike Plaintiff."  (Pl.'s Let. July 19, 2005).
Therefore, the Court will consider Plaintiff's allegations against the Camden City Police Department and the individual
officers to encompass Plaintiff's allegations against McCrink.

court should allow the §1983 action to proceed.  Id.   In its opinion, the Heck Court set forth

various scenarios to explicate the Court's reasoning.  Id.  For example, the Court described a

situation where a state criminal defendant was convicted of and sentenced for resisting a lawful

arrest.  Id. The state defendant subsequently brought a §1983 action against the arresting officer

seeking damages for violation of his Civil Rights.  Id. at 488.  There, the Court noted that because

the state defendant in such a situation would have to negate an element of the common law offense

of resisting arrest in order to prevail in a civil action, his 1983 action was not cognizable.

The case at bar is identical to the hypothetical in Heck.  Here, Plaintiff alleges that his

traffic stop and subsequent arrest were unlawful.  In his July letter, Plaintiff alleges that there was

no probable cause for Officer's Rivera initial stop, and that the stop, instead, was motivated by

racial profiling.  (Pl.'s Let. July 5, 2005)  Moreover, Plaintiff alleges that his subsequent arrest for

resisting arrest was unlawful.  (Id.).   However, Plaintiff was successfully tried and convicted in

Superior Court, Camden, NJ, on the charge of attempting to prevent a lawful arrest by using or

threatening to use physical force or violence, and/or creating a substantial risk of causing physical

injury, in violation of N.J.S. 2C:29-2a.  (Pl.s Let. Sept. 21, 2005, Ex. pp. 6-7).  As such, Plaintiff is

attempting to negate an element of the offense for which he was convicted; he cannot do this in a

§1983 case. Therefore, this Court must dismiss Plaintiff's complaint pursuant to the Supreme

Court's opinion in Heck.

Plaintiff additionally alleges in his opposition papers, although not in his Complaint, that

the Municipal Court of Camden acted negligently in handling his paperwork and in scheduling

court dates pertaining to his trial.  (Pl.'s Let. July 5, 2005 at ¶ 19; Pl's Let. Sept. 21, 2005).  Even

assuming that the Municipal Court acted negligently, Plaintiff has not asserted that these activities

deprived Plaintiff of any Civil Rights under the Fourth and Fourteenth Amendments to the Constitution.

Finally, Plaintiff's Sept. 21 letter requests that this Court intervene with his appeal in Superior Court of New Jersey, Appellate Division. (Pl's Let. Sept. 21, 2005). Under the Federal Anti-Injunction Statute, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In other words, federal courts are forbidden from staying or enjoining state court proceedings absent specific statutory exceptions. In Younger v. Harris, the Supreme Court reaffirmed the longstanding policy against federal interference with state criminal proceedings. 401 U.S. 37, 46 (1971). There, the Court held that where the injury faced by a state criminal defendant was "solely that incidental to every criminal proceeding brought lawfully and in good faith," the defendant would not be entitled to injunctive relief even if the underlying criminal statute was unconstitutional. Id. at 49. Moreover, the Supreme Court has held that for purposes of Younger abstention, "the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign. . . a party may not procure federal intervention by terminating the state judicial process prematurely – forgoing the state appeal to attack the trial court's judgment in federal court.." New Orleans Pub. Serv. Inc., v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). Thus, "[A] necessary concomitant of Younger is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court." Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975).

The instant matter does not present questions that justify a departure from the longstanding policy against federal court interference with state court proceedings.  Moreover, the Plaintiff is in the midst of appealing his state court conviction in state court.  For these reasons, the Court denies Plaintiff's Motion for a "Stay Pending Appeal."

III. CONCLUSION

For the reasons discussed herein, Defendant's Motion for Failure to State a Claim pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6) is GRANTED.  An appropriate order will follow.

Dated: September 29, 2005                          <u>/s/ Freda L. Wolfson</u>
                                                   The Honorable Freda L. Wolfson
                                                   United States District Judge