NOT FOR PUBLICATION                                          [Docket No. 56]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DARIUS WRIGHT,<br><br>       Plaintiff,<br><br>   v.<br><br>CAMDEN CITY POLICE DEPARTMENT,<br>et al.,<br><br>       Defendants. | Civil No. 04-2750 (RMB)<br><br>OPINION |

Appearances:

Darius Wright
134 Wilson Road
Maple Shade, New Jersey 08052
(856)979-7683
     Pro Se Plaintiff

Frank Salvati, Esquire
Office of City Attorney
4th Floor - City Hall
Camden, New Jersey 08101
856-757-7170
     Attorney for Defendants

**Bumb**, United States District Judge


INTRODUCTION

     This matter comes before the Court on Plaintiff Darius Wright's Motion to Re-open his case that was closed on September 29, 2005.

     Plaintiff filed a complaint with this Court on June 15,

1

2004, which Complaint he amended several times. Plaintiff alleged various civil rights violations under 42. U.S.C. § 1983 arising from his traffic stop, arrest, trial and conviction. (On May 11, 2005, Plaintiff was found guilty of resisting arrest in Superior Court of New Jersey, Camden County).

On September 29, 2005, the Honorable Freda L. Wolfson, United States District Judge, granted a Motion to Dismiss for Failure to State a Claim filed by the Defendants City of Camden, Camden City Municipal Court, Camden City Police Department, Officers B. Rivera, J. McCray, L. Tisby, and Detective M.S. Gibson, Camden Municipal Court Conflicts Prosecutor, Krisden McCrink, Esq., the County of Camden, and Camden County Prosecutor's Office (collectively the "Defendants").

Plaintiff now seeks to re-open his case more than one and a half years after the case was dismissed. In his motion papers, the Plaintiff "wishes to challenge the validity of Jury Trials themselves, in the New Jersey court systems, since it is obvious to [him] that, no matter the evidence, no black man can win a trial against the testimony of the police." (See Doc. 56 at 1). The Plaintiff further alleges that the "lack of education, intelligence, and knowledge of the law, prevents the average juror, from being able to comprehend the complexities of a criminal case." Id. Plaintiff further alleges that in his trial, "the presence of two, six month pregnant police officer's

2

[sic] in maternity wear, in a Resisting Arrest trial, was a prejudicial situation that no man could overcome." Id. Finally, in his motion the Plaintiff sets forth eight different reasons why the Defendants violated his rights under 42 U.S.C. § 1983.

Generally, whether a trial court will re-open a case is discretionary with that court. See Rochez Brothers, Inc. v. Rhoades, 527 F.2d 891, 894 n.6 (3d Cir. 1975), cert. denied, 425 U.S. 993 (1976). The Plaintiff has presented no compelling facts here to re-open the record in this case. Indeed, several of Plaintiff's reasons offered for re-opening the record were made before Judge Wolfson. For example, at paragraph 5, Plaintiff alleges that the Municipal Court of Camden, "through delays, and manipulations of the rights of this plaintiff, did conspire to engage in rights deprivations." See Complaint on p.2, ¶5. Plaintiff goes on to complain of the delays in his case. This appears to be addressed by Judge Wolfson in her September 29, 2005, Opinion. (See Doc. 54 at 7).

Alternatively, the Court agrees with the Defendants' opposition that the Plaintiff's request is, in reality, a motion for re-consideration of Judge Wolfson's Opinion. Such motion, however, is untimely. L.Civ.R.7.1.[1] See Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996) (holding a

---

[1] Even under Federal Rule of Civil Procedure 60(b), this motion is time-barred.

3

motion for reconsideration may be denied solely for being untimely).

Finally, the Court notes that the Plaintiff appears to present, in addition to his civil rights claims, claims challenging the fact of his confinement. To the extent the Plaintiff is challenging the fact or length of his confinement in state court, then his proper avenue is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Accordingly, because the Plaintiff has not presented any new arguments or new evidence to justify re-opening this case, his motion is denied. To the extent, however, Plaintiff seeks to challenge the fact or length of his confinement, he must proceed by way of habeas corpus.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Court

Dated: May 31, 2007